UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number:  20-20247-CIV-MARTINEZ/OTAZO-REYES**

CARLOS PRIETO,

     Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,[1]

     Defendant.

_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

THIS MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States

Magistrate Judge, for a ruling on all pre-trial, non-dispositive matters, and for a report and

recommendation on all dispositive matters.  (ECF No. 2).  Both parties filed motions for summary

judgment.  (ECF Nos. 25, 28).  Magistrate Judge Otazo-Reyes filed a Report and Recommendation

("R&R") recommending that (1) Plaintiff's Motion for Summary Judgment, (ECF No. 25), be

denied; (2) Defendant's Motion for Summary Judgment, (ECF No. 28), be granted; (3) and the

Commissioner's decision be affirmed.  (ECF No. 31).  Plaintiff timely filed objections to the R&R

("Objections"), (ECF No. 32).  The Court has conducted a *de novo* review of the entire file and

record.  Having done so, and after careful consideration, the Court finds that the R&R is

**AFFIRMED** and **ADOPTED** in its entirety and Plaintiff's Objections are **OVERRULED**.

"A claimant is disabled if she is unable 'to engage in any substantial gainful activity by

---

[1] Kilolo kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Federal Rule of
Civil Procedure 25(d) requires that Kilolo Kijakazi be substituted for Andrew Saul as the defendant in this
suit.  No further action is necessary.  *See* 42 U.S.C. § 405(g).

reason of any medically determinable . . . impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of' at least 12 months." *Strickland v. Comm'r of Soc. Sec.*, 516 Fed. App'x 829, 831 (11th Cir. 2013) (citing 42 U.S.C. § 423(d)(1)(A)).  The burden is on the claimant of social security benefits to prove his disability. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

To determine whether a claimant is disabled, the Social Security Administration ("SSA") applies a five-step sequential analysis. 20 C.F.R. § 404.1520(a).  The administrative law judge ("ALJ") must determine whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirement; (4) can perform her past relevant work, in light of her residual functional capacity; and (5) can make an adjustment to other work, in light of her residual functional capacity, age, education, and work experience. *Id.* § 404.1520(a)(4).

In assessing whether a claimant is disabled, the ALJ may consider medical opinions of both treating physicians and non-examining state agency medical and psychological consultants.  *See Milner v. Barnhart*, 275 Fed. App'x 947, 948 (11th Cir. 2008).  A physician's opinion must be given substantial or considerable weight absent good cause.  *Strickland*, 516 F. App'x at 832 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)).  "'Good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (internal quotations omitted).  In addition, the ALJ can consider whether an opinion is consistent with the record as a whole.  28 C.F.R. § 404.1527(c)(4).  Should the ALJ afford less weight to a particular physician's opinion, he must clearly articulate his reasons for

doing so. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The ALJ may rely on opinions

of non-examining sources only when they do not conflict with those of examining sources. *Milner*,

275 Fed. App'x at 948 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584–85 (11th Cir. 1991)).

In reviewing the ALJ's decision, the Court must determine only whether the decision is

supported by substantial evidence, but it may not reweigh the evidence or decide facts anew.

*Strickland*, 516 Fed. App'x at 830–31. The Court must defer to the ALJ's decision if it is supported

by substantial evidence, even if the evidence may preponderate against it. *Id.* (citing *Dyer v.

Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Substantial evidence is more than a scintilla

and is such relevant evidence as a reasonable person would accept as adequate to support a

conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

With these principles in mind, the Court agrees with Judge Otazo-Reyes's recommendation

that the ALJ's decision should be affirmed for the reasons explained in the R&R.

Plaintiff first objects to the R&R arguing that the ALJ improperly discounted a portion of

the state agency psychological consultants. The ALJ assigned "great weight" to this opinion and

only disputed the portion of the consultants' findings for moderate limitation in concentration and

limitation to unskilled work. (Tr., at 45). He did so because he found it too restrictive and because

it found that the opinion "likely represent[ed] [the consultants'] estimation of the claimant's

functioning [in 2016] rather than over the entire period at issue[,]" *i.e.*, through October 2018.

(R&R, at 32 (quoting Tr. at 39, ECF No. 17)). Plaintiff argued in his Motion for Summary

Judgment that this finding showed baseless speculation of what the consultants were thinking, and

that the ALJ improperly substituted his own opinion for those of the medical professionals. (Pl.'s

Mot. Summ. J., at 6, ECF No. 27). In finding that the ALJ provided good cause for discounting

this portion of the opinion, Judge Otazo-Reyes explained that the record showed no such

speculation.  (R&R, at 33).  Instead, the record shows that the ALJ relied on Plaintiff's mental health treatment records from March 2014 through July 2018, as opposed to only the records available to the consultants at the time of their reports.  (R&R, at 33).

In his Objections, Plaintiff argues that the Court should reject Judge Otazo-Reyes's R&R because it is unsupported by the facts.  He claims that "the ALJ cited no such evidence in rejecting the psychological consultants' opinions.  Rather, the ALJ only cited Plaintiff's work at Amazon and his good relationship with his family.  (Objections, at 3).  The Court finds no merit in this objection.  The ALJ expressly stated that the consultants' opinion was—aside from this particular portion—"consistent with the claimant's medical evidence of record, as summarized above."  (Tr., at 45).  This evidences that, in disputing this portion of the opinion, the ALJ took into consideration Plaintiff's entire medical record, from 2016 through 2018, regardless of whether he specifically cited to Plaintiff's medical records through 2018 as a reason for discounting that portion of the opinion.  The record shows that the ALJ afforded this opinion "great weight" and he provided good cause for discounting the portion in dispute.  (*See* Tr., at 45).  The Court is not in a position reweigh the evidence at this juncture.  *See Strickland*, 516 Fed. App'x at 831.

Next, Plaintiff argues "that the Appeals Council erroneously refused to consider new and material evidence submitted to it[.]"  (Objections, at 4).  The Appeals Council must consider evidence not present before the ALJ when that evidence is new, material, and relates to the time period on or before the ALJ's hearing and decision.  *See* C.F.R. § 404.970(b).  "'Materiality,' as required by the Social Security Act for evaluation of new evidence, means that the new evidence is 'relevant and probative so that there is a reasonable possibility that it would change the administrative outcome."  *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).  Here, the Appeals Council declined to review the ALJ's opinion because it found, among other reasons, that

the new evidence submitted "does not show a reasonable probability that it would change the outcome of the [ALJ's] decision." (Tr., at 55).  In other words, it did not refuse to consider the evidence; to the contrary, after accepting and considering the evidence, the Appeals Council declined review of the ALJ's decision because the evidence was not "material."  The Appeals Council did not expound upon its evaluation of the new evidence, nor was it required to do so.  *See Ring v. Soc. Sec. Admin., Comm'r*, 728 Fed. App'x 966, 968 (11th Cir. 2018).

Plaintiff objects to Judge Otazo-Reyes's R&R because he argues that the Court does not have authority to decide that the new evidence did not relate to the period in question—as Judge Otazo-Reyes recommends—given that the Appeals Council denied review based on only materiality.  Plaintiff, however, provides no authority for this proposition.[2]  Indeed, even when the Appeals Council does not explain its decision to deny review, the Eleventh Circuit has nevertheless expounded on the reasons why new evidence submitted to the Appeals Council did not render the Commissioner's denial of benefits erroneous.  *See Mitchell v. Comm'r, Social Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014).  In *Mitchell*, the Appeals Council denied the claimant's request for review, "explaining that it had considered [claimant's] reasons for disagreeing with the ALJ's decision as well as his additional evidence[,]" but that the new information did not provide a basis for changing the ALJ's decision.  The Appeals Council did not provide a discussion of the new evidence submitted.   771 F.3d at 782.   The Eleventh Circuit nevertheless affirmed the Commissioner's decision, holding that the decision was not erroneous because the new evidence

---

[2] Plaintiff cites to *McIntyre v. Berryhill*, No. 17-14347, 2018 WL 5621483, at *7 (S.D. Fla. Oct. 30, 2018) in support of his argument that the Magistrate Judge improperly made a factual finding and analysis when it found that the new evidence did not relate to the time period on or before the date of the ALJ's hearing decision.  He argues that *McIntyre* supports his position that Judge Otazo-Reyes's analysis "is better left for the ALJ as a fact-finder." (Objections, at 4–5).  *McIntyre*, however, does not stand for this proposition. Magistrate Judge Maynard noted in *McIntyre* that the ALJ is better suited to determine if there is good cause to discount the new evidence, not the district court.  That analysis is inapplicable here.

was "either cumulative of the evidence before the ALJ or was not chronologically relevant, and none of it undermined the substantial evidence supporting the ALJ's decision." Here, too, the Court is satisfied that the additional evidence submitted to the Appeals Council was not chronologically relevant for the reasons stated in Judge Otazo-Reyes's R&R, and that it does not undermine the substantial evidence supporting the ALJ's decision. *See Mitchell*, 771 F.3d at 785.

Accordingly, after careful consideration, it is,

**ADJUDGED** that United States Magistrate Judge Otazo-Reyes' Report and Recommendation, (ECF No. 22), is **AFFIRMED** and **ADOPTED**. Accordingly, it is:

**ADJUDGED** that

1. Plaintiff's Motion for Summary Judgment, (ECF No. 25), is **DENIED**.

2. Defendant's Motion for Summary Judgment, (ECF No. 28), is **GRANTED.**

3. Plaintiff's Objections, (ECF No. 31), are **OVERRULED**

4. The Commissioner's decision is **AFFIRMED.**

5. This case is **CLOSED**, and all pending motions are **DENIED** as **MOOT**.

6. A final judgment shall be entered by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of September, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record